**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

CLARENCE ANDERSON,                                                   PLAINTIFF
#165441

v.                                    3:20CV00102-BSM-JTK

MARTY BOYD, et al.                                                  DEFENDANTS

## <u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>

### <u>INSTRUCTIONS</u>

The following recommended disposition has been sent to United States District
Judge Brian S. Miller. Any party may serve and file written objections to this
recommendation.   Objections should be specific and should include the factual or legal
basis for the objection.   If the objection is to a factual finding, specifically identify that
finding and the evidence that supports your objection.   An original and one copy of your
objections must be received in the office of the United States District Court Clerk no later
than fourteen (14) days from the date of the findings and recommendations.   The copy will
be furnished to the opposing party.   Failure to file timely objections may result in a waiver
of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before the District Judge, you
must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I.    INTRODUCTION

Plaintiff Clarence Anderson, an inmate incarcerated at the Craighead County Detention Facility (Jail), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. No. 3). Although Plaintiff submitted a declaration that makes the showing required by § 1915(a), his Motion should be denied. 28 U.S.C. § 1915(a).

## II.   SCREENING

The Court is required to screen complaints seeking relief against a governmental

entity or officer or employee of a governmental entity. 28 U.S.C. §1915(a).[1]  Additionally,

the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."   Id.

Plaintiff has had at least three complaints dismissed for failure to state a claim,[2] and is considered a "three-striker" within the meaning of the PLRA. Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C. §1915(g). This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).   In the Eighth Circuit, the exception does not apply unless plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."   Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

In this case, Plaintiff complains about several incidents at the Jail which occurred from November 2019 until the present, and that some of the Defendants continue to harass him. The Court finds that these allegations do not support a finding of "ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d at 1050. "Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997) (quoting Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir.

---

[2] See Anderson v. Cook, 3:16cv00304-JM; Anderson v. Bowers, 3:19cv00296-JM; and Anderson v.Sterling, 3:19cv00303-BSM.

1992)).

### III.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff Anderson's Motion to Proceed <u>In Forma Pauperis</u> (Doc. No. 3) be DENIED.

2.      Should Plaintiff wish to continue this case, he be required to submit the statutory filing fee of $400.00 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, together with a motion to reopen the case.   Upon receipt of the motion and full payment, the case will be reopened.

3.      Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 16th day of April, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

5